IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAUL N. MOODY | § | |
|     DEBTOR(S) | § | CASE NO.  02-38177-H5-7 |
| | § | |
| W. STEVE SMITH, TRUSTEE | § | |
|     PLAINTIFF(S) | § | ADVERSARY NO.  04-3578 |
| | § | |
| VS. | § | |
| | § | |
| PAUL N. MOODY | § | |
|     DEFENDANT(S) | § | |

**MEMORANDUM OPINION**

Before the Court is the Trustee's First Amended Complaint against Paul N. Moody.  This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and 157.  This is a core proceeding.

Debtor filed his chapter 7 bankruptcy on July 26, 2002.  Debtor received his discharge on November 14, 2002.  The bankruptcy case was closed erroneously on December 5, 2002 and reopened December 19, 2002.  The trustee filed a complaint against Xia Moody and Nadine Moody on December 19, 2003, and the instant complaint against debtor on July 26, 2004.    On February 9, 2005, the Court approved an order compromising some of the trustee's claims with Xia Moody.

In his first amended complaint the trustee seeks an accounting; turnover under 11 U.S.C. § 541 and 542; damages for conversion;  damages for failure to cooperate with the trustee and failure to surrender to the trustee all information related to the estate under 11 U.S.C. § 521; revocation of the debtor's discharge under 11 U.S.C. 727(d); damages for fraudulent transfers under 11 U.S.C. § 548; damages for post-petition transfers under 11 U.S.C. § 549; damages for conspiracy; imposition of a constructive trust; avoidance of any transfers or obligations under 11 U.S.C. § 544; punitive damages and attorneys fees. Upon completion of the presentation of the trustee's evidence, this Court entered judgment on partial findings against the trustee.

Debtor is an attorney.  Debtor is married to Xia Moody.  Although debtor has never been married to Nadine Moody, Nadine legally changed her name from Truc Thanh Ngyuyen to Nadine Moody.  From 1997 to March 2001, debtor, Xia and Nadine all lived together and Xia and Nadine worked for debtor at his law firm. During the course of their relationship, all three have taken vacations together and at one point moved to Colorado together. Debtor has given numerous gifts to both Xia and Nadine. Debtor and Xia have one child.   Nadine is divorced from another man. On March 12, 2001, debtor and Xia filed for divorce in Harris County, Texas.  The divorce remains pending.

In his bankruptcy debtor scheduled real property located at 3109 McCulloch Circle, Houston, Texas. The schedules state that debtor transferred this property to Xia W. Moody without consideration by deed signed in July 2000, recorded November 2000. The recording information on the deed, however, states that it was recorded December 18, 2000. The schedules state that debtor has made all note payments on this property since March 2001. The transfer of the property is also disclosed in debtor's statement of affairs. The property is rental property and debtor collected the rents on the property after transferring it to Xia Moody. After the filing of the bankruptcy, debtor continued to collect the rents, but forwarded a check to the trustee for the collected rents. The property is encumbered by a lien in favor of Republic Bank. The deed recites that "Grantee does not assume sole payment of the note or any liability under any instrument securing it." In the compromise of February 9, 2005, Xia Moody agreed to transfer 3109 McCulloch Circle to the trustee for which she will receive $30,000.

In his statement of financial affairs, debtor listed two more transfers of property. The first was a 1995 Toyota 4-Runner valued at $9,000 sold to Jose Isidoro Ramirez. The statement of financial affairs states that debtor had held title to the car, but that it had been paid for by Nadine Moody. Consequently, the sales proceeds were given to her. The evidence shows that Nadine Moody provided the down

payment for the 1995 Toyota 4-Runner to Paul Moody and that it was titled in the debtor's name for insurance purposes only, as a convenience to save on the cost of insurance. The debtor held only legal title. Nadine Moody was the equitable owner of the vehicle.

The last transfer listed in debtor's statement of financial affairs was to Nadine Moody of real property located at 3313 McCulloch Circle, transferred in July and November of 2000. The property was "transferred in consideration of the financial support and services to the community estate." The deed was executed by debtor and Xia Moody on August 3, 2000 and recorded December 18, 2000. Nadine Moody made all mortgage payments and tax payments on 3313 McCulloch Circle after the property was transferred to her. These mortgage payments totaled at least $23,987.68 and the tax payments totaled at least $10,960.71. After debtor filed bankruptcy, Nadine Moody sold 3313 McCulloch Circle to debtor's law partner for $132,000.00 and the title company paid the net proceeds of $43,561.06 to Nadine Moody.

In addition to the Toyota, the evidence shows that Nadine Moody also owned a 1993 Jeep Cherokee which she received in her divorce. As with the Toyota, title was transferred into the name of the debtor as a convenience to save on the cost of insurance. The debtor held only legal title. Nadine Moody was the equitable owner of the vehicle.

Debtor lives at 12203 Shadowhollow  which is owned by Nadine Moody. While the trustee has suggested that debtor made the down payment for this property, the evidence shows that Nadine Moody made the down payment and executed a note for the remainder of the purchase price in the amount of $209,420.  The Court finds that debtor does not have an ownership interest in 12203 Shadowhollow, Houston, Texas.

Debtor's statement of financial affairs listed his income for 2000 at $163,290 (gross) and $147,540 (net); 2001 at $200,187 (gross) and -$69,643 (net); and 2002 at $27,650 (as of the date of the petition).  The trustee contends that debtor in fact made significantly more than these amounts in cash payments.  The trustee contends that debtor's law practice has been based on contingent fee contracts and that the trustee requested information related to his contracts as of the bankruptcy filing date. The trustee agrees that he received some information but believes that significant sums went through debtor's IOLTA account prior to, during, and after debtor's bankruptcy filing.  The trustee contends that debtor received settlement payments related to the contingency fee contracts and that debtor failed to disclose this income.

The Court finds that debtor's gross income for 2000 and for 2002 as reported on his income tax returns and on the Statement of Financial Affairs was accurate. The debtor's gross income for 2001 as reported on his income tax return and on the

P \paulmoody ff   050603 1418

Statement of Financial Affairs was an estimate, the debtor knew it might be inaccurate. The debtor expressed to Joe Becker, CPA, on or about April 9, 2002, that he would have to amend his 2001 federal tax return and the debtor has been working with Ting Liu, CPA, to amend the return. The difference in the debtor's 2001 tax return and the actual amount determined after consulting with a CPA did not result in unreported assets on the bankruptcy schedules.

While some of debtor's evidence has been contradicted by the testimony of Xia Moody, the Court finds that Xia Moody's testimony is not credible. The debtor provided the trustee with financial records, including copies of bank statements, income tax records, IOLTA account records, contingent fee records as of the filing date, and an estimate of the percentage of contingent fees earned as of the filing date. From the onset of the bankruptcy case, the debtor has made all contingency fee contracts available to the trustee. The Court finds that debtor has cooperated with the trustee. The Court finds that there are no material omissions or misstatements on the debtor's schedules.

The trustee has failed to prove that debtor holds any property of the bankruptcy estate. The trustee has failed to prove that debtor has converted or misappropriated any of the bankruptcy estate property. The trustee has failed to prove any conspiracy. The trustee has failed to prove each of the elements of a fraudulent transfer under 11

U.S.C.§ 548 or under state law.   The trustee has failed to prove that any unauthorized post-petition transfers exist.   The Court finds that nothing the debtor has done warrants punitive damages or the awarding of attorney's fees.   The trustee has failed to prove the elements for revocation of debtor's discharge under 11 U.S.C. § 727(d)(1), (2) or (3).   Moreover, for purposes of  § 727(d)(1), the trustee filed his complaint more than one year after debtor received his discharge.

Based on the foregoing, judgment shall be entered in favor of debtor and against the trustee as to each cause of action alleged.

Signed this ___ day of _____, 2005 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE

P \paulmoody ff   050603 1418

-7-